Electronically Filed - Clinton - February 19, 2019 - 03:51 PM

## IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI

| | |
|---|---|
| **SHERITTA LAMBERT,** | ) |
| | ) |
| Plaintiff, | ) |
| | )   Case No.: |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| **FIRST ADVANTAGE BACKGROUND** | ) |
| **SERVICES CORP.** | **)** |
| Registered Agent: | ) |
| CSC-Lawyers Incorp. Service Co. | ) |
| 221 Bolivar Street | ) |
| Jefferson City, MO   65101 | ) |
| | ) |
| Defendant. | ) |

## PETITION

**COMES NOW** the Plaintiff, Sheritta Lambert, and brings the following class action against Defendant, First Advantage Background Services Corp., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Defendant is a consumer reporting agency (as a "consumer reporting agency" is defined pursuant to the FCRA).

2. Defendant provided consumer reports concerning the Plaintiff to USB Corporate Trust ("USB") and Quest Diagnostics Incorporated ("Quest").

3. Defendant provided a consumer report concerning the Plaintiff to USB in or about June 2018.

4. Defendant provided a consumer report concerning the Plaintiff to Quest in or about July 2018.

5. The Consumer Report provided to USB includes a Rapsheet Adjudication.

6. The Rapsheet Adjudication includes information that violates 15 U.S.C. 1681c.

7. The Rapsheet Adjudication includes information from 2006 that should not be included in Plaintiff's Consumer Report.

8. The Consumer Report provided to Quest includes a section titled County Seat Felony & Misdemeanor.

9. Contained within the section titled County Seat Felony & Misdemeanor is information that is not a misdemeanor or a felony.

10. Plaintiff brings this action against Defendant for violations of the FCRA.

11. Plaintiff seeks statutory damages, actual damages, injunctive relief, punitive damages, costs and attorneys' fees, and other appropriate relief pursuant to the FCRA.

## PARTIES

12. Plaintiff Lambert is a resident of Kansas City, Missouri.

13. Defendant is a foreign company doing business in Missouri.

## JURISDICTION AND VENUE

14. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

15. Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

## FACTUAL ALLEGATIONS

16. The Consumer Report provided to Quest contains information that makes it appear as if the Plaintiff has misdemeanor and/or felony charges she does not.

17. The Consumer Report provided to Quest classifies an ordinance violation as a Felony or Misdemeanor.

18. The ordinance violation referenced in Defendant's Consumer Report is not a Felony or a Misdemeanor.

19. Defendant's classification of an ordinance violation as a Felony or Misdemeanor injured the Plaintiff.

20. On information and belief, Quest relied on Defendant's Consumer Report for employment purposes.

21. On information and belief, Quest relied on Defendant's Consumer Report and took adverse action against the Plaintiff that was based, in whole or in part, on information in the Consumer Report.

22. The Consumer Report provided to USB includes information via a Rapsheet Adjudication that violates the FCRA.

23. The Rapsheet Adjudication includes information about charges that have been dismissed.

24. The Rapsheet Adjudication includes information about charges that have been Nolle Prosequi.

25. The Rapsheet Adjudication includes information about cases that are closed.

26. Defendant included items of adverse information in Plaintiff's Consumer Report that are not conviction that antedate the report by more than seven years.

27. On information and belief, USB relied on Defendant's Consumer Report for employment purposes.

28. On information and belief, USB relied on Defendant's Consumer Report and took adverse action against the Plaintiff that was based, in whole or in part, on information in the Consumer Report.

29. The Consumer Report provided by the Defendant to USB and Quest were inaccurate and materially misleading.

30. The Consumer Report provided by the Defendant to USB and Quest were relied upon for employment purposes and heightened the risk of injury to the Plaintiff.

31. On information and belief, the Defendant attempted to comply with 15 U.S.C. 1681k in its Consumer Report production to Quest via 1681k(a)(2) and not 1681k(a)(1).

32. On information and belief, the Defendant attempted to comply with 15 U.S.C. 1681k in its Consumer Report production to USB via 1681k(a)(2) and not 1681k(a)(1).

33. Defendant is aware of the FCRA.

34. Defendant expects that the consumer reports they provide will be relied upon to make decisions regarding employment

35. Defendant has knowledge that it must comply with the FCRA.

36. Defendant is required to prepare all consumer reports in accordance with the FCRA.

37. Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

38. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

39. Plaintiff asserts the following classes:

   **1681e(b) Ordinance Class:** All individuals who were the subject of one or more consumer reports in which Defendant included information regarding an alleged

Electronically Filed - Clinton - February 19, 2019 - 03:51 PM

ordinance violation but identified it in a misdemeanor or felony section from February 19, 2019, through the conclusion of this matter.

**1681c:** All individuals who were the subject of one or more consumer reports in which Defendant included a Rapsheet Adjudication that included information that was not a record of conviction that antedated the report by more than seven years from February 19, 2019, through the conclusion of this matter.

### Numerosity

40. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly produces consumer reports on individuals to third parties. Defendant fails to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the reports relate and fails to exclude adverse items of information, other than records of convictions, from reports in compliance with the FCRA. Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the Putative Class.

### Common Questions of Law and Fact

41. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and fact common to the class is:

   a. Whether Defendant complies with 1681c and follows reasonable procedures to assure maximum accuracy of the information contained in their reports;

   b. Whether Defendant's violations of the FCRA were willful;

   c. The proper measure of statutory damages and punitive damages; and

### Typicality

42. Plaintiff's claims are typical of the members of the proposed class. Defendant is

a consumer reporting agency that produces consumer reports to third parties. Defendant produces the reports in violation of the mandates of the FCRA. The FCRA violations suffered by the Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

## Adequacy of Representation

43. Plaintiff, as a representative of the class, will fairly and adequately protect the interests of the Putative Class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

## Superiority

44. This case is maintainable as a class action under Fed. R. Civ. P. 52(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class members' claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

45. This case is maintainable as a class action under Fed. R. Civ. P. 52(b)(2) because

Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that declaratory and/or injunctive relief is appropriate respecting the Classes as a whole.

46. Class certification is also appropriate under Fed. R. Civ. P. 52(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

47. Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 52. The names and address of the Putative Class members are available from Defendant's records.

## **VIOLATIONS OF THE FCRA**

48. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

49. Defendant utilizes a system that does not verify all records involving alleged criminal charges before producing a consumer report.

50. Defendant utilizes a system that does not exclude adverse items of information, other than records of convictions of crimes, that antedate the report by more than seven years in violation of the FCRA.

51. Defendant violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

52. Defendant's actions were negligent, reckless, and willful.

53. Defendant's violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice; and

   b. Defendant produced a consumer report on the Plaintiff that contained information that was misleading, inaccurate, incomplete, not up to date, and obsolete.

   c. Defendant produced a consumer report that contained information that was not prepared in a manner that it would assure the maximum accuracy of the information being provided regarding the Plaintiff;

   d. Defendant produced a Consumer Report on the Plaintiff that contained information that antedated the report by more than seven years in violation of 1681c; and

   e. Defendant failed to abide by the FCRA.

54. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C.

§1681n(a)(1)(A).

55. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

56. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a. Order finding that Defendant committed multiple, separate violations of the FCRA;

b. Order finding that Defendant acted negligently and/or willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

c. Order awarding statutory damages and punitive damages as provided the FCRA;

d. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

e. Order granting injunctive relief and other and further relief, in law or equity, as this Court may deem appropriate and just.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEYS FOR PLAINTIFF

**19CN-CC00009**

**IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI**

| | |
|---|---|
| **SHERITTA LAMBERT,** ) | |
| Individually And On Behalf Of ) | |
| All Others, ) | |
| ) | |
| Plaintiffs, ) | Case No.: |
| ) | |
| vs. ) | |
| ) | |
| **FIRST ADVANTAGE BACKGROUND ) | |
| SERVICES CORP.,** **)** | |
| Defendant. ) | |

**ENTRY OF APPEARANCE**

**COMES NOW** Jayson Watkins and hereby enters his appearance as counsel of record for Plaintiff and those similarly situated in the above captioned matter.

Respectfully submitted,

By: /s/ Jayson A. Watkins
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF



# IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 19CN-CC00009 |
| Plaintiff/Petitioner:<br>SHERITTA LAMBERT<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 |
| Defendant/Respondent:<br>FIRST ADVANTAGE BACKGROUND<br>SERVICES CORP. | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

**F I L E D**
FEB 20 2019
Clerk of Clinton Co. Circuit Court

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** FIRST ADVANTAGE BACKGROUND SERVICES CORP.
**Alias:**

C/O CSC-LAWYERS INCORP SERVICE
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

**CLINTON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

ELLIS DOCKRAY
Circuit Clerk & Recorder

2/20/19
Date

By _____ Clerk
Deputy

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____          _____
                           Date                                                                  Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $___10.00___ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Clinton**                              **Circuit Court**

Case Number: 19CN-CC00009

Plaintiff/Petitioner:
**SHERITTA LAMBERT**
vs.
Defendant/Respondent:
**FIRST ADVANTAGE BACKGROUND SERVICES CORP.**

Received by HPS Process Service & Investigations to be served on **First Advantage Background Services Corp., c/o CSC-Lawyers Incorp Service, 221 Bolivar Street, Jefferson City, MO 65101.** I, DAVID M. ROBERTS, being duly sworn, depose and say that on the 21 day of FEB , 2019 at 2:15p .m., executed service by delivering a true copy of the Summons in Civil Case; and Petition in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving LAUREN SHIPLEY
as designee _____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 21st day
of Feb , 19 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC
PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12481691
My Commission Expires Dec. 4, 2020

_____
PROCESS SERVER # PPS19-0336
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2019002833

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0h

Electronically Filed - Clinton - March 06, 2019 - 02:41 PM



## IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>R BRENT ELLIOTT | Case Number: **19CN-CC00009** |
| Plaintiff/Petitioner:<br>SHERITTA LAMBERT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 |
| Defendant/Respondent:<br>FIRST ADVANTAGE BACKGROUND<br>SERVICES CORP. | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

**F I L E D**

FEB 20 2019

Clerk of Clinton Co. Circuit Court

(Date File Stamp)

### Summons in Civil Case

The State of Missouri to: FIRST ADVANTAGE BACKGROUND SERVICES CORP.

**Alias:**

C/O CSC-LAWYERS INCORP SERVICE
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

CIRCUIT COURT OF MISSOURI

**CLINTON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

2/20/19 _____
Date

**ELLIS DOCKRAY**
**Circuit Clerk & Recorder**

by _____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: LAUREN SHIPLEY (name) designee of Registered Agent (title).

☐ other: _____

Served at 221 BOLIVAR ST, JEFFERSON CITY, MO 65101 (address)

in COLE (County/City of St. Louis), MO, on 02/21/19 (date) at 2:15pm (time).

DAVID M. ROBERTS _____ DM Roberts
Printed Name of Sheriff or Server _____ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on 2-21-19 (date).

(Seal)

My commission expires: 12-4-20 _____
Date _____ Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ (_____ miles @ $._____ per mile) | |
| Total | $ _____ | |

PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12461691
My Commission Expires Dec. 4, 2020

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 19-SMCC-64**     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Clinton - March 06, 2019 - 02:41 PM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Clinton**                         **Circuit Court**

Case Number: 19CN-CC00009

Plaintiff/Petitioner:
**SHERITTA LAMBERT**
vs.
Defendant/Respondent:
**FIRST ADVANTAGE BACKGROUND SERVICES CORP.**

Received by HPS Process Service & Investigations to be served on **First Advantage Background Services Corp.,
c/o CSC-Lawyers Incorp Service, 221 Bolivar Street, Jefferson City, MO 65101**. I, DAVID M.
ROBERTS, being duly sworn, depose and say that on the 21 day of FEB, 2019 at
2:15p .m., executed service by delivering a true copy of the Summons in Civil Case; and Petition in accordance
with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving LAUREN SHIPLEY
as designee _____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as_____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in
which this service was made.

Subscribed and Sworn to before me on the 21st day
of Feb, 19 by the affiant who is
personally known to me.

NOTARY PUBLIC
PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12481691
My Commission Expires Dec. 4, 2020

PROCESS SERVER # PPS19-0336
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2019002833

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0h

Electronically Filed - Clinton - March 06, 2019 - 02:41 PM



## IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 19CN-CC00009 |
|---|---|
| Plaintiff's/Petitioner:<br>SHERITTA LAMBERT | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 |
| vs. | |
| Defendant/Respondent:<br>FIRST ADVANTAGE BACKGROUND<br>SERVICES CORP. | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

**F I L E D**
FEB 20 2019
Clerk of Clinton Co. Circuit Court

(Date File Stamp)

### Summons in Civil Case

The State of Missouri to: FIRST ADVANTAGE BACKGROUND SERVICES CORP.
**Alias:**
C/O CSC-LAWYERS INCORP SERVICE
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

COURT SEAL OF

CLINTON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

ELLIS DOCKRAY

2/20/19
Date

Circuit Clerk & Recorder

By _____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: LAUREN SHIPLEY (name) designee of Registered Agent (title).
☐ other: _____
Served at 221 BOLIVAR ST. JEFFERSON CITY, MO 65101 (address)
in COLE (County/City of St. Louis), MO, on 02/21/19 (date) at 2:15pm (time).

DAVID M. ROBERTS _____ DM Roberts
Printed Name of Sheriff or Server          Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on 2-21-19 (date).

(Seal)

My commission expires: 12-4-20 _____
                          Date          Notary Public

PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12461691
My Commission Expires Dec. 4, 2020

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) | |
| Total | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 19-SMCC-64    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:19-cv-06031-HFS   Document 1-1   Filed 03/22/19   Page 16 of 16